IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                                 Criminal No. 2:04CR5

VICTOR SELF,
        Defendant.

## OPINION REPORT AND RECOMMENDATION

On the 18th day of March, 2010, came the defendant, Victor Self, in person and by his counsel, Katy J. Cimino, and also came the United States by its Assistant United States Attorney, Stephen Warner, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed on March 4, 2010, alleging Defendant:

1)     Violated the Mandatory Condition that he not commit another federal, state or local crime and that he not illegally possess a controlled substance.

2)     Violated the Mandatory Condition that he refrain from any unlawful use of a controlled substance, and that he submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

3)     Violated the Standard Condition that he work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

4)     Violated the Standard Condition that he refrain from excessive use of alcohol and not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

5)     Violated the Standard Condition that he not frequent places where controlled substances are

1

illegally sold, used, distributed, or administered.

6) Violated the Standard Condition that he not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

Prior to the taking of evidence, Defendant waived the preliminary hearing, conceding probable cause existed to forward this revocation matter to the United States District Judge for hearing and disposition. Upon inquiry of Defendant, the Court finds Defendant's waiver of preliminary hearing was knowingly, freely, and voluntarily made.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of his supervised release as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed March 4, 2010.

Thereafter, the AUSA appearing advised the Court that a proposed agreement had been reached by the parties whereby Defendant would admit to violation number one, and would be sentenced to 13 months imprisonment with no supervised release. The Court inquired of Defendant's counsel, who agreed that the parties had agreed to that disposition. The Court then advised Defendant that should he agree with that procedure, the undersigned would write a Report and Recommendation to the District Judge, advising that Defendant had admitted to Violation number 1, and recommending to the District Judge that Defendant be sentenced to 13 months imprisonment with no supervised release. However, the Court further advised the Defendant that if the District Judge did not agree with the recommended disposition of 13 months imprisonment with no supervised release, he could reject the proposed agreement and advise the Defendant that he could withdrawn his admission and proceed to a hearing before the District Judge on the merits

of the petition or could maintain his admission leaving the final disposition [sentence] to the District Judge without any agreement on what that disposition would be.

Following said discussion, Defendant consulted with his counsel. Defendant then informed the Court he was agreeable to the procedure discussed. He then admitted to violation number 1 in the Petition filed March 4, 2010. He further waived his right to have the matter referred to the District Judge for full hearing should the District Judge accept the proposed disposition. He stated was agreeable to the District Judge sentencing him to 13 months imprisonment with no further supervised release. Defendant further agreed he was aware the District Judge may reject the recommendation and proceed with a full revocation hearing.

## **RECOMMENDATION**

For the above reasons, the undersigned respectfully **RECOMMENDS** the Defendant, Victor Self, be found to have violated mandatory condition 1 of his October 2, 2009 supervised release, to wit: "While on supervised release, the defendant shall not commit another federal, state or local crime. The defendant shall not illegally possess a controlled substance." in that on January 7, 2010, during a home visit by the probation officer, the officer examined defendant's arms and found at least three injections sites on defendant's right arm and that defendant admitted that he had injected morphine three times into his arm on January 5, 2010 in knowing violation of the conditions of his supervised release all as alleged in the petition of March 5, 2010.

Based on Defendant's history of failed compliance with the conditions of his release, the undersigned finds he has shown himself to be unable to comply with the Orders of the Court and therefore **RECOMMENDS** that Defendant be sentenced to a term of imprisonment of 13 months, with credit for time being served awaiting disposition of this Petition Action, with no supervised release to follow.

Any party may, within fourteen (14) days after being served with a copy of this Opinion Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Opinion Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the presiding United States District Judge. Failure to timely file objections to the Opinion Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Opinion Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Opinion Report and Recommendation to counsel of record.

DATED: March 18, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE